IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT R. BINION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-213-RAH-JTA |
| | ) | (WO) |
| CITY OF CLANTON, CITY COUNCIL | ) | |
| OF CLANTON, and JEFF MIMS, | ) | |
| Mayor, In His Official Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the Motion to Dismiss filed by Defendants City of Clanton, Clanton City Council, and Jeff Mims. (Doc. No. 6.) Defendants seek dismissal of the Complaint filed by Plaintiff Robert R. Binion on numerous grounds, including lack of subject matter jurisdiction and lack of standing. (*Id*.) Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned for all pretrial proceedings and entry of any order or recommendations as may be appropriate. (Doc. No. 4.)

For the reasons stated below, the undersigned recommends the motion be granted as to lack of subject matter jurisdiction and standing, the motion be denied as moot on all other grounds, and this action be dismissed without prejudice.

# I.    THE COMPLAINT

Plaintiff, proceeding *pro se*, filed the Complaint in this matter on April 5, 2024. (Doc. No. 1.)[1] In this action,[2] Plaintiff sues the City of Clanton, the Clanton City Council, and Clanton Mayor Jeff Mims, in his official capacity.[3] Plaintiff seeks to challenge the alleged closure of the Head Start Program in the West End community[4] of Clanton. (Doc.

---

[1] Plaintiff paid the filing fee and is not proceeding *in forma pauperis*.

[2] Plaintiff is no stranger to this court. He is a frequent filer of *pro se* lawsuits in this District, and many of his *pro se* lawsuits have been dismissed for failure to prosecute or comply with court orders, or on the merits of arguments that were previously dismissed for lack of jurisdiction. *See, e.g., Binion, et al., v. The United States Department of Agriculture, et al.*, Case No. 2:18-cv-544-MHT-KFP (dismissed for failure to state a claim, including lack of jurisdiction over claims involving a settlement decree in another district in the case of *Pigford v. Glickman*, 185 F.R.D. 82 (D.D.C. 1999), *affirmed*, 206 F.3d 121 (D.C. Cir. 2000)); *Binion v. McGriff, et al.*, Case No. 2:16-cv-936-MHT-SRW (dismissed without prejudice for lack of subject matter jurisdiction and for lack of prosecution in accordance with 28 U.S.C. § 1915(e)(2)(B)(iii) for failure to obey a court order); *Binion, et al., v. United States Department of Agriculture, et al.*, Case No. 2:16-cv-657-WKW-SRW (dismissed for improper venue and lack of jurisdiction over *Pigford* settlement enforcement claims); *Binion v. McGriff, et al.*, Case No. 2:12-cv-1040-MHT-WC (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted); *Binion v. Vilsack*, Case No. 2:10-cv-920-WKW-WC (dismissed without prejudice for failing to timely serve the defendant and for failing to comply with the orders of the court); *Binion v. Porter, et al.*, Case No. 2:94-cv-1477-ID-CSC (transferred to the Southern District of Alabama); *Ray, et al., v. 911 Executive Board*, Case No. 2:93-cv-627-WHA-VPM. Plaintiff has also filed several suits not listed here in which he was represented by counsel.

[3] Plaintiff named Mims as a Defendant in his Complaint. (Doc. No. 1.) In response to the motion to dismiss, Plaintiff states he "had no intention of filing a complaint against Honorable Jeff Mims." (Doc. No. 13 at 1.) Yet, that is what he did. Notably, Plaintiff has not moved to dismiss Defendant Mims or sought to amend his Complaint to eliminate Mims as a Defendant. Plaintiff later contradicted himself in a second response brief (Doc. No. 17) filed in violation of court orders (Docs. No. 11, 15), stating: "Let the court acknowledge this complaint is the Office of Mayor, in which Mr. Jeff Mims is entrusted to exercise and he [Mayor] shall be held accountable for his decisions that will cause harm and damage to the Westend community." (Doc. No. 17 at 1 (sic).) Though Plaintiff's filings regarding his intentions are contradictory, Mims is a defendant and has been since Plaintiff filed this action.

[4] Plaintiff spells the name of the community as both "West End community" and "Westend community," and with other variations in spacing and capitalization. Because The Clanton Advertiser uses "West End community" (Doc. No. 1-1 at 16), the undersigned will use that variation for consistency herein.

No. 1 at 1; Doc. No. 17.) He purports to sue in his capacity as "a community leader of the Westend Community located in Clanton, Alabama." (Doc. No. 17 at 1.)

While Plaintiff's Complaint is not a model of clarity, the Complaint and subsequent filings establish that he is suing because he "believes but is not sure" the City of Clanton placed federal funds earmarked for poor and underserved communities "into one pool" of money. (Doc. No. 1; *see also* Doc. No. 17.) He posits the City of Clanton used the combined pool of money primarily for the benefit of districts that were not poor or underserved so the "pool" of money "was closed" before any improvements could be made to the West End community.[5] (Doc. No. 1; *see also* Doc. No. 17.) Plaintiff asserts the alleged allocation of funds exclusively to other areas of the City of Clanton is imminently likely to cause the closure of the Head Start pre-kindergarten facility located in the West End community.[6] (Doc. No. 1; Doc. No. 17.) He contends the Head Start facility "is critical to the success of African American preschoolers," and is particularly "essential to the success of young African American preschoolers with learning disabilities." (Doc. No. 17 at 2.) Plaintiff requests the court to "render whatever relief to assist the community." (Doc. No. 1 at 2.)

---

[5] At the same time, Plaintiff acknowledges that funds were spent on placing speed bumps and a new police station in the West End community. (Doc. No. 1.) Plaintiff opines that these expenditures do not constitute improvements (*id.*), but that opinion is not material to his claims in this action.

[6] Plaintiff bases his assertions on a newspaper article in The Clanton Advertiser concerning proceedings at a March 25, 2024 Clanton City Council meeting. He attached the article to his Complaint and relied on it in the Complaint. (Doc. No. 1; Doc. No. 17.)

## II.    STANDARD OF REVIEW

Subject matter jurisdiction is the power of the court to hear a class of cases, which is conferred by statute. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503, 513 (2006). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (citation omitted). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514.

Article III of the Constitution limits the court's subject matter jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2; *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011). Because it "stems 'directly from Article III's "case or controversy' requirement,"'" standing implicates a federal court's subject matter jurisdiction over an action.[7] *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1229 (11th Cir. 2021) (quoting *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)).

"A plaintiff must demonstrate three things to establish standing under Article III." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). First, the plaintiff must demonstrate that the plaintiff has suffered an "injury-in-fact," which means that the "'harm suffered by the plaintiff … is concrete and actual or imminent, not conjectural or hypothetical.'" *Stalley*

---

[7] Where a plaintiff seeks injunctive relief, which regulates future conduct, the plaintiff must show that the *threat* of future injury is "real and immediate—as opposed to merely conjectural or hypothetical." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001) (citations omitted).

*ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004)). The injury must be "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id*. (quoting *Lujan*, 504 U.S. at 560). "An interest unrelated to injury in fact is insufficient to give a plaintiff standing." *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 772 (2000). Second, after demonstrating the existence of an injury-in-fact, "the plaintiff must demonstrate a causal connection between the asserted injury-in-fact and the challenged action of the defendant." *Shotz*, 256 F.3d at 1081. That is, the plaintiff's injury must be "fairly traceable" to the defendant's alleged conduct. *Spokeo*, 578 U.S. at 339. Third, the plaintiff must demonstrate "redressability," *i.e.*, a "'substantial likelihood' that the requested relief will remedy the alleged injury in fact." *Stevens*, 529 U.S. at 771 (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 45 (1976)).

Motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) bring either "facial attacks" or "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990).

> Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. *Id*. at 1529. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. *Id*. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits. *Id*.

5

*Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003).

As indicated by the nature of a facial attack, "at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Spokeo*, 578 U.S. at 338 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). In considering a facial attack, the court "must evaluate standing based on the facts alleged in the complaint, and [the court] may not 'speculate concerning the existence of standing or piece together support for the plaintiff.'" *Shotz*, 256 F.3d at 1081 (quoting *Cone Corp. v. Florida Dept. of Transp.*, 921 F.2d 1190, 1210 (11th Cir. 1991)). Generally, if the allegations of jurisdiction are defective, they "may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. However, the court is not required to allow an opportunity to amend to cure a jurisdictional defect in the pleadings where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Crooked Creek Props., Inc. v. Ensley*, 660 F. App'x 719, 721 (11th Cir. 2016) (noting that, while defective allegations of jurisdiction may be amended pursuant to § 1653, courts may deny a motion to amend on the basis of futility, undue delay, bad faith, undue prejudice to the opposing party, etc.).

## III.    DISCUSSION

A.    Standing

"Under Rule 8(a) of the Federal Rules of Civil Procedure, the complaint 'must contain . . . a short and plain statement of the grounds for the court's jurisdiction,' which includes facts sufficient to establish Plaintiff's standing to sue." *Raley v. United States*, No. 2:23-cv-552-RAH-JTA, 2024 WL 2982038, at *5 (M.D. Ala. June 13, 2024) (quoting Fed. R. Civ. P. 8(a)(1)), *report and recommendation adopted*, No. 2:23-cv-552-RAH, 2024 WL

3852140 (M.D. Ala. Aug. 16, 2024). *See Spokeo,* , 578 U.S. at 338 (holding that "[w]here, as here, a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating" each of the three elements of standing: "(1) [that the Plaintiff] suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." (citations omitted)); *Warth v. Seldin*, 422 U.S. 490, 518 (1975) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.").

In his Complaint,[8] Plaintiff failed to adequately allege standing to challenge the possible closure of the Head Start pre-K facility. Plaintiff alleges injury to the West End community but has not alleged any particularized injury to *himself*.[9] For example, Plaintiff has not alleged that he personally relies on the Head Start program. Nor has he alleged that, as a West End "community leader," the closure of the Head Start program would cause him a particularized injury sufficient to support a finding of standing. *See Spokeo*, 578 U.S. at 339 ("For an injury to be particularized, it must affect the plaintiff in a personal and

---

[8] Plaintiff alleges his claims arise "under the 14th Amendment and the statues (sic) of Alabama under the Equal Opportunity Act Alabama and Alabama Disability Act sections of the law as stated." (Doc. No. 1 at 1 (sic).) Thus, it appears Plaintiff purports to invoke the court's subject matter jurisdiction based on federal question jurisdiction. *See* 28 U.S.C. § 1331. Notwithstanding Plaintiff's reference to the 14th Amendment in his Complaint, he does not include any factual allegations as to Article III standing.

[9] Plaintiff fails to clearly allege that he is a current resident of the West End community. Plaintiff alleges he is "a resident of Clanton[,] Alabama[,] and a civic leader in the community." (Doc. No. 13 at 1.) However, neither this allegation, nor his address of record, contains any obvious indication from which the court could take judicial notice that he currently resides in the West End community.

individual way . . . . Particularization is necessary to establish injury in fact." (citations and internal quotation marks omitted)).

Further, the injury Plaintiff seeks to redress is intrinsically conjectural and hypothetical, rather than real and immediate. *See Spokeo*, 578 U.S. at 339 (stating that an injury-in-fact must be 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'" (quoting *Lujan*, 504 U.S. at 560 (1992)). Plaintiff does not demonstrate a real and immediate threat that the City of Clanton's allocation of funds will cause the Head Start facility to close. *Wooden*, 247 F.3d 1262, 1284 (11th Cir. 2001) (noting that, where a plaintiff seeks injunctive relief to prevent a future injury, "the threat of future injury" must be "real and immediate—as opposed to merely conjectural or hypothetical"). He "believes but is not sure" that the City of Clanton is misallocating funds that should be allocated to the West End community and the Head Start program. (Doc. No. 1 at 2.) Plaintiff indicates that his "belief" is founded on the Clanton Advertiser newspaper article, but that article indicates there is no immediate threat to the West End community's Head Start program.[10] (Doc. No. 1; Doc. No. 17.)

_____

[10] In contrast to Plaintiff's allegations, the newspaper article reports that Defendant Mims made clear that the City had recently invested $30,000.00 in the building in which Head Start operates. (Doc. No. 1-1 at 17.) The article reports that Defendant Mims stated, "I do not know where the information came from that we are shutting [Head Start] down, and nobody said that . . . . Head Start has a room there they get to use free of charge, and that is going to continue to be that way." (*Id.*) With respect to the renegotiation of a five-year lease for rent and utilities, Defendant Mims stated "that he . . . met with the directors of the Head Start Program," that "the program [would] not be shutting down" before the negotiations, and that "there are no plans to shut the program down at all." (*Id.* at 16-17.) Thus, the newspaper contradicts Plaintiff's allegations that the Head Start program was in danger of shutting down or, more importantly, that any concerns about the ongoing viability of the program stemmed from some failure by Defendants to allocate earmarked funds to support it or the West End community. Were the undersigned to consider the motion to dismiss for failure to state a claim upon which relief could be granted, the discrepancy between the newspaper article and the allegations in the Complaint may be fatal to Plaintiff's claims. *See*

In short, Plaintiff has not alleged facts sufficient to establish his standing to bring this action and thus the court does not have jurisdiction over his Complaint. *See Stalley*, 524 F.3d at 1232 ("[A] plaintiff without an injury in fact lacks Article III standing, and the federal courts do not have jurisdiction over his or her complaint.").

B.    Amendment

Ordinarily, Plaintiff should be allowed an opportunity to amend his Complaint to cure the defective allegations of jurisdiction, but the undersigned finds such opportunity is not necessary here as amendment would be futile for two reasons. *See Raley*, 2024 WL 2982038, at *3 (noting that, while defective allegations of jurisdiction generally 'may be amended, upon terms, in the trial or appellate courts[,]' 28 U.S.C. § 1653," an opportunity to amend to cure a jurisdictional defect "is not required . . . where the amendment would be futile." (citing *Foman*, 371 U.S. at 182; *Crooked Creek*, 660 F. App'x at 721)).

First, in response to the motion to dismiss, Plaintiff has not shown that, if allowed to amend, he could clearly articulate facts necessary to establish standing. Rather, he doubles down on his theory that his right to bring suit is premised solely on his position as a "community leader," without articulating any particularized injury to himself.

Second, even if Plaintiff alleged facts sufficient to establish standing in an amended complaint, this matter would nonetheless be subject to dismissal due to his endeavor to sue *pro se* on behalf of others in the West End community.[11] *Pro se* plaintiffs may not bring

---

*Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.").

[11] Defendants did not raise this issue in their motion to dismiss.

claims on behalf of others. *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (citing *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)). The federal statute which permits parties to proceed *pro se* specifically provides that "*parties may* plead and *conduct their own cases personally* or by counsel." 28 U.S.C. § 1654 (emphasis added). Section 1654 provides "a personal right that does not extend to the representation of the interest of others." *Timson*, 518 F.3d at 873. Therefore, "[i]n federal court, a party may proceed either *pro se* or with representation by counsel." *Dickerson v. Ray*, No. 2:23-CV-315-MHT-JTA, 2024 WL 1099327, at *2 (M.D. Ala. Feb. 26, 2024), *report and recommendation adopted*, No. 2:23CV315-MHT, 2024 WL 1097151 (M.D. Ala. Mar. 13, 2024); *see Wheat v. United States*, 486 U.S. 153, 159 (1998) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court."); *White v. United States*, No. 22-13736, 2023 WL 3885816, at *1 (11th Cir. June 8, 2023) (unpublished) (dismissing the appeal of a husband who purported to sue *pro se* on behalf of his wife because "the right to appear *pro se* extends to parties conducting 'their own cases,' not to persons representing the interests of others"), *cert. denied*, 144 S. Ct. 380, 217 L. Ed. 2d 205 (2023); *Grappell v. Carvalho,* 847 F. App'x 698, 701 (11th Cir. 2021) (holding that "the right to appear *pro se* does not extend to non-attorney parties representing the interests of others"). Though Plaintiff may be a "community leader," he "admits that he is not a lawyer or attorney." (Doc. No. 13 at 1; *see also* Doc. No. 17 at 1 ("Plaintiff Robert R. Binion, Community Leader, admits that he is not an expert of the law or an attorney; however, he shall be allowed to implement his civic duty as a community leader of the Westend Community located in Clanton, Alabama." (sic)).) Accordingly,

affording Plaintiff an opportunity to amend his Complaint to cure the lack of standing would be futile and is not warranted. Consequently, this action is due to be dismissed without prejudice.

## IV.    CONCLUSION

For the reasons set forth above, the Magistrate Judge RECOMMENDS as follows:

1.      Defendant's motion to dismiss for lack of standing and subject matter jurisdiction (Doc. No. 6) be GRANTED.

2.      Defendant's motion to dismiss (Doc. No. 6), in all other respects, be DENIED as moot.

3.      This action be DISMISSED WITHOUT PREJUDICE.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **January 31, 2025**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning*

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661

F.2d 1206 (11th Cir. 1981).

DONE this 17th day of January, 2025.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE